IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-361-FDW-DCK

| | |
|---|---|
| LEEGRACIEA LEWIS, | ) |
|         Plaintiff, | ) |
| v. | )   **ORDER** |
| MILLER VALENTINE GROUP, SOUTHWOOD REALTY COMPANY PROPERTY MANAGER, STEELE CREEK APARTMENTS LIMITED PARTNERSHIP, and LANDINGS AT STEELE CREEK APARTMENTS, | ) |
|         Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 21) filed September 18, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motions to dismiss be <u>denied</u> as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned finds that *pro se* Plaintiff has timely sought leave to amend as a matter of course pursuant to Fed.R.Civ.P. 15; therefore, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. Furthermore, the undersigned will direct that "Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 13) and "Miller Valentine Steel Creek Apartments Limited Partnership, And Landings At Steele Creek Apartments' Motion To Dismiss For Lack [Of] Subject Matter Jurisdiction and Lack Of Personal Jurisdiction" (Document No. 15) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended

Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, as appropriate.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 21) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that "Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 13) and "Miller Valentine Steel Creek Apartments Limited Partnership, And Landings At Steele Creek Apartments' Motion To Dismiss For Lack [Of] Subject Matter Jurisdiction and Lack Of Personal Jurisdiction" (Document No. 15) are **DENIED AS MOOT**.

**SO ORDERED**.

Signed: September 18, 2023

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."