UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-CV-00361-FDW-DCK

| | |
|---|---|
| LEEGRACIEA LEWIS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MILLER VALENTINE GROUP, )<br>STEELE CREEK APARTMENTS )<br>LIMITED PARTNERSHIP, )<br>SOUTHWOOD REALTY COMPANY )<br>PROPERTY MANAGER, AND )<br>LANDINGS AT STEELE CREEK )<br>APARTMENTS, )<br>)<br>    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on multiple Motions to Dismiss Plaintiff's Complaint, (Doc. Nos. 27, 32), as well as Plaintiff's *pro se* Motion for Leave to File Second Amended Complaint, (Doc. No. 34.) All motions are fully briefed.[1] (Doc. Nos. 27-1, 33, 35, 36.) Upon review by the Court, for the reasons below, the Motions to Dismiss the Complaint, (Doc. Nos. 27, 32), are **GRANTED**, and the Motion for Leave to File Second Amended Complaint, (Doc. No. 34), is **DENIED**.

---

[1] The initial deadline for Plaintiff to respond to Defendants'—Miller Valentine Group, Steel Creek Apartments Limited Partnership, and Landings at Steele Creek Apartments—Motion to Dismiss, (Doc. No. 27), was October 24, 2023. However, the Court issued a Roseboro order extending the deadline to October 25, 2023. (Doc. No. 28.) The magistrate judge then granted Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, allowing Plaintiff up to and including November 15, 2023, to respond to the aforementioned Motion to Dismiss. (Doc. No. 31.) Additionally, Plaintiff's Response to Defendant Southwood's Motion to Dismiss, (Doc. No. 32), was due by November 13, 2023. Plaintiff failed to respond to either Motion.

1

I.   BACKGROUND

Plaintiff resides in Mecklenburg County. (Doc. No. 23, p. 2.) She moved into Landings at Steele Creek Apartments on or about April 30, 2011. (Id. at 12.) On September 30, 2020, Plaintiff was evicted from her apartment. (Id. at 7.) Local law enforcement carried out the eviction pursuant to an order signed by a Mecklenburg County District Court judge. (Doc. No. 23, p. 3–4.)

On June 16, 2023, Plaintiff filed a *pro se* Complaint against Defendants with a demand for a jury trial. (Doc. No. 1.) In August of 2023, Defendants filed Motions to Dismiss for Lack of Jurisdiction. (Doc. Nos. 13, 15.) On September 18, 2023, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. No. 21.) On the same day, the Court issued an order granting the Motion to Amend and denying as moot Defendants' Motions to Dismiss. (Doc. No. 22.) On September 25, 2023, Plaintiff filed her First Amended Complaint. (Doc. No. 23.) In response, Defendants filed Motions to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction. (Doc. Nos. 27, 32.)

In her First Amended Complaint, Plaintiff claims wrongful eviction. (Doc. No. 23, p. 7.) She predicates her argument on the eviction moratorium issued by the Centers for Disease Control and Prevention ("CDC"). (Id. at 9.)

She also lists other alleged bases for her claim. As noted, Plaintiff was evicted on September 30, 2020. (Id. at 7.) Plaintiff claims she "did not receive any notification [of the scheduled eviction] prior to September 30, 2020." (Id. at 8.) As a result, Plaintiff alleges, she was unable to "make arrangements for her personal belongings." (Id. at 8.) Plaintiff claims she "had the understanding that her items would be kept safe, secured, or stored until she returned to get

2

Case 3:23-cv-00361-FDW-DCK   Document 38   Filed 07/09/24   Page 2 of 9

them within five days," but "[t]his was not done." (Id. at 8.) Therefore, Plaintiff alleges, she "lost everything," including "all her personal and confidential records." (Id. at 8.) Consequently, she also claims, her "Social Security number has been used to open utilities in her name." (Id. at 8.)

Furthermore, Plaintiff alleges she attempted to pay her rent "at various times" prior to the eviction date, but a staff member who worked in the Landings at Steele Creek office repeatedly refused Plaintiff's cashier's checks. (Id. at 8.) She notes Attorney Andrew Pinto, representative for Miller Valentine Group, nonetheless claimed Plaintiff refused to pay her rent. (Id. at 9.)

Plaintiff also alleges retaliatory eviction. (Id. at 11.) She explains she contacted the City of Charlotte Code Enforcement regarding the issue of mold in her apartment. (Id. at 11.) Plaintiff also claims she complained to staff at Landings at Steele Creek Apartments "on multiple occasions, but nothing was done to address the issue." (Id. at 12.)

Additionally, Plaintiff alleges her due process rights were violated. (Id. at 10.) She notes the denial of her request to appeal the state district judge's decision, (id. at 10), and the denial of the continuance Plaintiff requested due to an injury she sustained, (id. at 11.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Jurisdiction

This Court must dismiss all or part of a complaint over which it lacks subject-matter and personal jurisdiction. Fed. R. Civ. P. 12(b)(1)–(2). This threshold question shall be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

**B.     Amendment of Complaint**

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  In pertinent part, Rule 15 provides:

> (a) . . .  A party may amend its pleading *once as a matter of course* within:
>
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added).  Where a party seeks to amend his complaint more than once as a matter of course, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave.  However, Rule 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." Ohio Valley Envtl. Coal., Inc. v. Hernshaw Partners, LLC, 984 F.Supp.2d 589, 592 (S.D.W.Va. 2013) (quoting Fed. R. Civ. P. 15(a)(2)).  "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see Conley v. Gibson, 355 U.S. 41, 48 (1957).

Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).  The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Equal Rights Ctr., 602 F.3d at 603.

4

C.  *Pro Se* Parties

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).  At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III.  ANALYSIS

As stated, Plaintiff alleges three claims against Defendants: (1) wrongful eviction, (2) violation of due process of law, and (3) retaliatory eviction. (Doc. No. 23, p. 7, 10, 11.)  Defendant seeks dismissal of all claims.  The Court will address each in turn.

**A.  Motions to Dismiss**

1. Plaintiff's Claims of Wrongful Eviction and Retaliatory Eviction

Plaintiff alleges law enforcement's eviction of Plaintiff from her apartment on September 30, 2020, was wrongful, (Doc. No. 23, p. 7), and retaliatory, (id. at 11.)  This eviction was ordered by a Mecklenburg County District Court judge.

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege the state court's action was unconstitutional. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983).  The doctrine also bars actions "inextricably linked" with the state court decision. Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004).  Here, the Court is essentially being called on to review the state court's decision to evict Plaintiff from her apartment.  The Court has no

5

authority to entertain such a claim. See Hargrove v. Steiner, No. 5:04-cv-304-FL(1), 2004 WL 3317654, at *6 (E.D.N.C. Dec. 23, 2004). Hence, Plaintiff's claims of wrongful eviction and retaliatory eviction are dismissed for lack of subject-matter jurisdiction.

    2.    Plaintiff's Claim of Violation of Due Process

Plaintiff also claims her due process rights were violated. (Doc. No. 23, p. 10.) Due process only works as a negative prohibition on state action. Pinder v. Johnson, 54 F.3d 1169, 1174 (4th Cir. 1995). Here, neither the state district judge nor any other state official is a named defendant. Therefore, the due process claim is not applicable here.

However, even if the state district judge was a named defendant, the due process claim would fail on the grounds of the *Rooker-Feldman* Doctrine and absolute judicial immunity. Here, the *Rooker-Feldman* Doctrine applies as it does to the other two claims of wrongful eviction and retaliatory eviction. The due process claim is "inextricably linked" with the state court decision to evict Plaintiff from her apartment. Shooting Point, 368 F.3d at 383. Accordingly, this Court cannot review the merits of the due process claim.

Furthermore, absolute judicial immunity applies. It is well established law that judges have immunity from civil liability for their actions "in the exercise of their judicial functions." Bradley v. Fisher, 800 U.S. 335, 347 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection

6

or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). For judicial immunity to apply, two elements are required: (1) the action was not done "in the 'clear absence of all jurisdiction'" and (2) the action is a "judicial act." King v Myers, 973 F.2d 354, 356–57 (4th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. 349, 357, 360–62 (1978)).

Here, even if the state district judge was a named defendant, she was acting in her judicial capacity in presiding over matters rightfully before her. Thus, she is entitled to absolute judicial immunity. Accordingly, Plaintiff's due process claim must also be dismissed.

For the foregoing reasons, Defendants' Motions to Dismiss for Lack of Jurisdiction, (Doc. Nos. 27, 32), are GRANTED.

**B.      Plaintiff's Second Amended Complaint**

The Court must first determine which of Plaintiff's Complaints, if any, are appropriately before the Court. As noted, on September 18, 2023, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. No. 21.) Her motion was granted on the same day. (Doc. No. 22.) Thus, Plaintiff's First Amended Complaint is appropriately filed. Since Plaintiff had already exhausted her "once as a matter of course" opportunity, Plaintiff's subsequent filings of amended complaints require approval by the Court absent consent by Defendants.

Plaintiff attached her proposed Second Amended Complaint to her Motion for Leave to File Second Amended Complaint. (Doc. No. 34-1.) The proposed Complaint adds the assertion "the rights and interests of the Plaintiff exceed $75,000.00, exclusive of interests and costs." (Doc. No. 34-1, p. 1-2.) The proposed Complaint also makes slight changes to the names of

7

Defendants. For instance, Plaintiff changes "Steele Creek Apartments Limited Partnership" and "Landings at Steele Creek Apartments," (Doc. No. 23, p. 1), to "Steele Creek Land Holdings, LLC" and "Steele Creek Apartments Limited Partnership," (Doc. No. 34-1, p. 1.) Additionally, Plaintiff adds alleged details regarding Defendants' corporate citizenship. (Doc. No. 34-1, p. 3.) For instance, Plaintiff notes, "Defendants Steele Creek Apartments Limited Partnership is a foreign limited partnership doing business in North Carolina, including Mecklenburg County, North Carolina." (Doc. No. 34-1, p. 3.) Presumably, Plaintiff is attempting to prove diversity jurisdiction exists.

The rest of Plaintiff's alterations are minor. For example, Plaintiff changed "Plaintiff has been deprived of her rights . . ." (Doc. No. 23, p. 10), to "Plaintiff, Leegraciea Lewis, has been deprived of her rights . . ." (Doc. No. 34-1, p. 11.)

For the purposes of amending a complaint, an amendment is futile if "the case would still fail to survive a motion to dismiss." Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). As discussed, this Court does not have subject-matter jurisdiction over Plaintiff's claims as described in her First Amended Complaint. Plaintiff's claims, all of which require the Court to review the state district judge's decision, have not changed between her First Amended Complaint and her proposed Second Amended Complaint. Even if the Court allowed Plaintiff to file this latter Complaint, the case would fail to survive a motion to dismiss. Therefore, the Second Amended Complaint would be futile, and, thus, the leave to amend the pleading should be denied. Edwards, 178 F.3d at 242.

For these reasons, Plaintiff's Motion for Leave to File Second Amended Complaint, (Doc. No. 34), is DENIED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss the Complaint, (Doc. Nos. 27, 32), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, (Doc. No. 34), is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 8, 2024

Frank D. Whitney
United States District Judge

9